# United States Court of Appeals
## For the First Circuit

No. 25-1335

IN RE: DZHOKHAR A. TSARNAEV,

Petitioner.

Before

Kayatta, Howard, and Thompson,
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: July 31, 2025

    Petitioner seeks a writ of mandamus ordering Judge O'Toole to recuse himself from proceedings on remand from this court. The basis for recusal is observations the judge made at various times over the past nine years in the context of two educational panels and a podcast, and certain statements he made to the jury.

    A petition for a writ of mandamus "'must show both that there is a clear entitlement to the relief requested, and that irreparable harm will likely occur if the writ is withheld.'" <u>In re United States</u>, 158 F.3d 26, 30 (1st Cir. 1998) (quoting <u>In re Cargill</u>, 66 F.3d 1256, 1260 (1st Cir. 1995)). It must also demonstrate a favorable balance of the equities. <u>In re Cargill</u>, 66 F.3d at 1264. The writ is an "exceptional remedy," one which the court should grant only in the exercise of its sound discretion. <u>Id</u>. at 1260. The petitioner must show that "no other adequate means to attain the relief [] desire[d]" are available. <u>Kerr</u> v. <u>United States District Court</u>, 426 U.S. 394, 403 (1976) (citing <u>Roche</u> v. <u>Evaporated Milk Ass'n</u>, 319 U.S. 21, 26 (1943)).

    In the present context, the mandamus standard is layered over the recusal standard, which "requires a doubly deferential review: relief for the [petitioner] is only warranted if it is 'clear and indisputable' that no reasonable reading of the record supports a refusal to recuse." <u>In re Bulger</u>, 710 F.3d 42, 45-46 (1st Cir. 2013). At bottom, "mandamus requires a case not merely close to the line but clearly over it." <u>In re Martinez-Catala</u>, 129 F.3d 213, 221 (1st Cir. 1997).

    Petitioner seeks Judge O'Toole's recusal under 28 U.S.C. § 455(a), which requires a judge's recusal in "any proceeding in which his impartiality might reasonably be questioned." The appearance of bias is gauged by a qualified beholder: "we ask whether a reasonable person, fully

informed of all the relevant facts, would fairly question the trial judge's impartiality. The facts proven below must dictate the answer to this question, not the unverified suspicions harbored by the [petitioner] or the innuendo interspersed throughout both its recusal motion and its mandamus petition." In re United States, 158 F.3d at 31 (emphasis omitted).

As support for his claim, petitioner points to two panel discussions and a podcast in which Judge O'Toole discussed various aspects of organizing complex jury trials and the problems associated with social media in that context. We have carefully reviewed the petition, the accompanying exhibits, and the relevant portions of the record. We conclude that petitioner has not satisfied the "exacting" standard generally applicable to mandamus petitions that seek the recusal of a district court judge. In re Bulger, 710 F.3d at 45-46. Accordingly, petitioner's petition for a writ of mandamus is denied. The request for oral argument is denied as moot.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Hon. George A. O'Toole
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
David I. Bruck
Judith H. Mizner
Timothy G. Watkins
William W. Fick
Dzhokhar A. Tsarnaev
Judy Clarke
Deirdre von Dornum
Daniel Habib
David Patton
Mia Alyssa Eisner-Grynberg
Mark T. Quinlivan
Donald Campbell Lockhart
Nadine Pellegrini
Jeffrey Bradford Kahan
Steven D. Mellin
Brendan T. Mockler
Jason A. Casey
Matthew R Segal
Jonathan M. Albano
Emma D. Hall